## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **L&H CONCEPTS LLC** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **CRAIG A SCHMIDT dba KARRIER** | § | **CASE NO.  6:07 CV 65** |
| **COMMUNICATIONS, MICHAEL E** | § | **PATENT CASE** |
| **BRYANT dba KARRIER** | § | |
| **COMMUNICATIONS, and JAMES S.** | § | |
| **SIMPKINS dba KARRIER** | § | |
| **COMMUNICATIONS** | § | |
| | § | |
| **Defendants** | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss or, in the Alternative, Transfer of Venue (Docket No. 17).  After considering the parties' written submissions and oral arguments, the Court **GRANTS** the motion and **DISMISSES** the Plaintiff's Complaint **WITHOUT PREJUDICE**.

### BACKGROUND

On July 14, 1998, the United States Patent Office issued U.S. Patent No. 5,779,566 (the "'566 patent") for a "Handheld Golf Reporting and Statistical Analysis Apparatus and Method." Peter Wilens, the sole inventor, assigned the patent to Plaintiff L&H Concepts LLC ("L&H").  L&H accuses Defendants Craig Schmidt, Michael Bryant, and James Simpkins (collectively the "Defendants") of direct infringement, contributory infringement, and inducing others to infringe the '566 patent by offering to sell or selling versions of the "Intelligolf" software.

L&H alleges that the Intelligolf software provides customers with a method to record and later analyze golf scores, which is the technology taught by the '566 patent.  L&H claims that the

Intelligolf software is available via Defendants' website and that Defendants sold the software to customers who reside in the Eastern District of Texas.  Defendants filed this motion contending that the Eastern District of Texas is an improper venue because none of the Defendants reside in the district.

## APPLICABLE LAW

Rule 12(b)(3) allows defendants to move for dismissal based upon improper venue.  FED. R. CIV. P. 12(b)(3).  Once a defendant raises a 12(b)(3) motion to dismiss for improper venue, the burden of sustaining venue lies with the plaintiff.  *Laserdynamics Inc. v. Acer Am. Corp.*,  209 F.R.D. 388, 390 (S.D. Tex. 2002).  If there is no evidentiary hearing, a plaintiff may carry its burden by presenting facts, taken as true, that establish venue.  *Id.*  Courts will accept uncontroverted facts in a plaintiff's pleadings as true and will resolve any conflicts in the plaintiff's favor.  *Id.*

Venue is determined at the time the suit commences.  *See Hoffman v. Blaski*, 363 U.S. 335, 342–44 (1960).  In a case arising out of a federal question, venue is proper

> in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

 In a patent case, venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b).  "[A] defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."  28 U.S.C. §1391(c); *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1580 (Fed. Cir. 1990).  A corporation is deemed to reside within a judicial district located in

a multi-district state like Texas if "its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state." 28 U.S.C. § 1391(c).

## ANALYSIS

Defendants are named as individuals and as doing business as "Karrier Communications."

### Venue Under 28 U.S.C. § 1391(b)(2)

L&H argues that in a patent case venue is proper under either Section 1400(b) or Section 1391(b). L&H cited two unpublished district court cases[1] that purportedly applied Section 1391(b) to patent infringement cases. However, 28 U.S.C. § 1400(b) is the exclusive venue statute for patent infringement claims. *In re Cordis Corp.*, 769 F.2d 733, 734 (Fed. Cir. 1985) ("Venue in patent infringement actions is controlled exclusively by 28 U.S.C. § 1400(b)"); *HomeBingo Network, Inc. v. Chayevsky*, 428 F. Supp. 2d 1232, 1248 (S.D. Ala. 2006) ("Section 1400(b) is the 'sole and exclusive provision controlling venue in patent infringement[] actions' for non corporate defendants") (quoting *Schnell v. Peter Eckrich & Sons, Inc.*, 365 U.S. 260, 262–64 (1961)). Therefore, Section 1391(b)(2) is inapplicable here.

### Venue Under 28 U.S.C. § 1400(b)

At the motion hearing, L&H conceded that the individual defendants neither reside[2] nor have an established place of business in the Eastern District of Texas. As such, venue is not proper here under Section 1400(b) if Defendants are treated as individuals.

In supplemental briefing, L&H argued venue is proper because Defendants are a partnership.

---

[1] L&H cites *ETNA Products Co., Inc. v. Q Marketing Group, Ltd.*, No. 03 Civ. 3805(SAS), 2004 WL 1769794 (S.D.N.Y. 2004) and *Rosenthal v. Blue Diamond Growers, Inc.*, 2003 WL 22736550, *2 n.3 (W.D. Tex. 2003) for the proposition that 1391(b)(2) applies to patent infringement cases. In both opinions, the courts cited Section 1391(b)(2) as the appropriate venue statue without addressing Section 1400(b). They do not discuss the issue of Section 1400(b)'s exclusivity.

[2] Defendants Simpkins and Bryant reside in Washington state. Defendant Schmidt resides in California, where he claims to do business as "Karrier Communications."

L&H argues that Defendants filed a complaint in the Western District of Washington in 2002[3] holding themselves out as a partnership doing business as Karrier Communications; therefore, Defendants should be treated as a partnership in the present suit.  L&H contends that if the Defendants were a partnership when the present case was filed, then venue would be proper under 1400(b)'s first prong.  *See Injection Research Specialists v. Polaris Indus., L.P.,* 759 F. Supp. 1511, 1515–16 (D. Colo. 1991) (finding that a partnership should be treated as an unincorporated association and applying Section 1391(c) to determine where a partnership resides).  L&H's only evidence to support its allegations is the 2002 Complaint.

Defendants claim that they are neither a corporation nor a partnership and offered several exhibits, dated prior to the filing of the lawsuit, as support.  Defendant Schmidt provided copies of Defendant Bryant's and Defendant Simpkins's 1099-MISC Form, showing that both were paid as independent contractors.  Defendant Schmidt provided copies of invoices that state Bryant and Simpkins are independent contractors and the relationships do not constitute a partnership, association, or joint venture.  Defendant Schmidt also provided a copy of a fictitious business name statement and a copy of the El Dorado County Business License for Karrier Communications, which shows Karrier Communications to be a sole proprietorship.

The evidence does not support L&H's new argument that the 2002 Complaint establishes Defendants are a partnership.  Therefore, the facts do not support venue under either prong of Section 1400(b).

## CONCLUSION

For the reasons discussed above, the Court **GRANTS** the Motion to Dismiss without prejudice to refiling in a district where venue exists.

---

[3] *Bryant v. Zuzelo*, No. CV 02-0066 (W.D. Wash. 2002).

**So ORDERED and SIGNED this 20th day of November, 2007.**



**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**